978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy C. EILAND, Plaintiff-Appellant,
v.
Larry KINCHELOE, et al., Defendants-Appellees.
 No. 92-35071.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 29, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy C. Eiland, a Washington state prisoner, appeals pro se the district court's judgment, following a jury trial, in favor of correctional officers in Eiland's 42 U.S.C. § 1983 action. At trial Eiland alleged that prison officials violated his due process rights in connection with a prison disciplinary hearing by not allowing him to call a witness to testify on his behalf. On appeal, Eiland contends that the district court erred (1) when it denied his motion to exclude the testimony of Lewis Menke ("Menke"), a correctional officer, pursuant to Fed.R.Evid. 403 because the testimony's prejudicial effect outweighed its probative value; and (2) when it denied his motion for judgment notwithstanding the verdict ("JNOV"). We have jurisdiction pursuant to 28 U.S.C. 1291. We affirm.
 
 A. Testimony of Menke
 
 3
 Defendants sought to present Menke's testimony in order to explain the application of Washington State administrative regulations during prison disciplinary proceedings. Eiland made an in limine motion to exclude the testimony on the grounds that the testimony was duplicative and would cause undue delay. He also alleged that Menke was not an impartial witness because, as a defendant in one of Eiland's other legal cases, Menke was personally interested in the outcome of the case. The trial court found that Menke's testimony would assist the jurors in better understanding the issues presented and denied Menke's motion.
 
 
 4
 We review the district court's determination of whether evidence is relevant, and whether it is more probative than prejudicial, for an abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). The same standard of review applies to the district court's decision to admit or exclude expert testimony. United States v. Aguon, 851 F.2d 1158, 1171 (9th Cir.1988) (en banc), overruled on other grounds, Evans v. United States, 112 S.Ct. 1881 (1992).
 
 
 5
 Here, the district court found that Menke's seventeen years of prison administrative experience, and his involvement in the drafting of prison policies and regulations made him a reliable witness whose testimony would assist the jurors in better understanding the issues. The district court also explained to Eiland that any potential conflict of interest problems could be brought to the attention of the jury during Menke's cross-examination. Under these circumstances, the district court did not abuse its discretion by denying Eiland's motion and allowing Menke to testify. See Kessi, 868 F.2d at 1107; Aguon, 851 F.2d at 1171.
 
 B. Denial of JNOV Motion
 
 6
 Eiland contends that the district court erred by denying his JNOV motion because the defendants never adequately explained their reason for refusing to provide Eiland with his requested witness at the disciplinary hearing.
 
 
 7
 A JNOV is proper only when a court finds, without accounting for the credibility of witnesses, that the evidence, considered as a whole and viewed in the light most favorable to the non-moving party, can only support a verdict for the moving party. Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148, 1151 (9th Cir.1988). Employing this standard, we review a district court's refusal to grant a JNOV de novo. Los Angeles Memorial Coliseum Comm'n v. National Football League, 791 F.2d 1356, 1360 (9th Cir.1986), cert. denied, 484 U.S. 826 (1987).
 
 
 8
 The inmate's right to call witnesses is "subject to the mutual accommodation between institutional needs and objectives and the provisions of the Constitution." Ponte v. Real, 471 U.S. 491, 495 (1985). Should prison officials refuse to call a witness, they should explain their decision, but may do so either at the disciplinary hearing or "later." Id. at 497. In addition, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermining authority." Wolf v. McDonald, 418 U.S. 539, 566 (1974).
 
 
 9
 Here, defendants testified that Eiland had not provided prison officials with a list of witnesses prior to his disciplinary hearing when requested to do so. Menke testified that when an inmate does not list witnesses, it creates additional security problems for the prison to have that witness testify in person. He also testified that under the Washington Administrative Code, the hearing officer may deny a prisoner's request for witness testimony if the information to be presented is deemed "irrelevant, duplicative, or unnecessary to the adequate presentation of the inmate's case." Defendant Mason, the hearing officer, testified that, pursuant to the administrative code, it was his normal practice to determine if a requested witness was relevant and necessary to the hearing, and he indicated that his refusal to provide Eiland with a witness was done on this basis.
 
 
 10
 Under these circumstances, we cannot say that the weight of the evidence presented could only support a verdict for Eiland on the issue of whether prison officials denied him due process at his disciplinary hearing. See Jeanery, Inc., 849 F.2d at 1151. Accordingly, the district court did not err by denying Eiland's motion for a JNOV.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3